UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| FERNANDO FRAIZ TRAPOTE and MARIA CLARA VALLEJO TASCON,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>*Defendant*,<br><br>and<br><br>THE NATIONAL TELECOMMUNICATIONS COMMISSION OF VENEZUELA,<br><br>Av. Veracruz con calle Cali, Edificio Conatel, Urbanización Las Mercedes, Caracas - Venezuela Zona Postal 1060.<br><br>*Proposed Intervenor*. | Case No. 1:23-CV-2118-LLA<br><br>ORAL ARGUMENT REQUESTED |

MOTION TO INTERVENE BY THE
NATIONAL TELECOMMUNICATIONS COMMISSION OF VENEZUELA

The National Telecommunications Commission of Venezuela ("CONATEL") respectfully submits this Motion to Intervene and hereby requests intervention of right in the present litigation under Rule 24(a)(2) of the Federal Rules of Civil Procedure or, in the alternative, permissive intervention under Rule 24(b).[1]

---

[1] Plaintiffs object to this Motion. Mr. Gregory Paw advises that his client, the 2015 National Assembly, has not yet taken any position regarding this Motion. A proposed order is attached hereto in accordance with Local Rule 7(c).

1

Under Venezuelan statutory law, CONATEL is empowered to participate in "administrative or judicial actions of any kind to safeguard and protect its rights and interests."[2] As explained herein, the present litigation does indeed implicate the "rights and interests" of CONATEL from multiple perspectives. Accordingly, pursuant to the requirements of Federal Rules of Civil Procedure 24(a)(2) and 24(b), this Court should grant CONATEL's Motion to Intervene based upon the following grounds.

***First***, the legitimacy and lawfulness of CONATEL's regulatory activities—*i.e.*, as the principal regulator of the telecommunications sector [3] in Venezuela—have been directly challenged by Plaintiffs in this case. Indeed, CONATEL is identified explicitly and repeatedly in Plaintiffs' Complaint as one of the supposed main participants in the events of this case. *See* Compl. ¶¶ 31, 44, 48, 63 (ECF 1).

To recall, this litigation arises out of claims brought by Plaintiffs Fernando Fraiz Trapote and Maria Clara Vallejo Tascon ("Plaintiffs") alleging purported violations of international law by the Bolivarian Republic of Venezuela ("Defendant" or "Venezuela") resulting from the alleged expropriation of Plaintiffs' investments. According to the Complaint, these supposed investments included Plaintiffs' indirect ownership and control of several Venezuelan corporate entities, including a number of telecommunications companies that were collectively known as "Cablevisión Group." *See* Compl. ¶¶ 29-33. In the Complaint, Plaintiffs repeatedly accuse CONATEL of taking regulatory actions that supposedly caused economic injury to Cablevisión Group in violation of international law. *See id.,* ¶¶ 31, 44, 48, 63.

---

[2] *See* Organic Law on Telecommunications, Article 37(26), *Official Gazette of the Bolivarian Republic of Venezuela*, No. 39.610 at 383.284 – 383.285 (Monday, February 7, 2011) (attorney translation).

[3] *Id.* at Articles 34, 35, 37.

Because Plaintiffs have directly impugned CONATEL's activities as a regulator, CONATEL seeks to intervene under Rule 24 in order to refute these allegations and assert all appropriate legal and factual defenses in this litigation. In this regard, among other relevant defenses that will be timely raised in due course, CONATEL unequivocally agrees with the arguments raised in Defendant's Proposed Motion to Dismiss and the memorandum in support of that motion (*i.e.*, "**Exhibit 1**," ECF 29-4, ECF-29-5), as lodged on behalf of Defendant on June 5, 2025. A pleading to this effect is lodged herewith as "**Appendix A**" in accordance with Local Civil Rule 7(j).

Specifically, CONATEL agrees that this case must be dismissed in its entirety based upon Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"). This case must also be dismissed for failure to state a claim under Rule 12(b)(6). Most obviously, as correctly explained by Defendant, Plaintiffs brought this case **five years too late** under D.C. Code § 12-301. *See* Def.'s Mem. in Supp. of Mot. to Dismiss 30-32 (ECF 29-5).

In analogous circumstances, this Court and the D.C. Circuit have permitted intervention under Federal Rule of Civil Procedure 24 by foreign states' ministries and regulators in order to raise defenses under the FSIA or to defend regulatory interests connected to the sectors under the supervision of such ministries and regulators. *E.g.*, *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 730 (D.C. Cir. 2003) (authorizing a department within the Ministry of Nature and Environment of Mongolia to intervene in order to raise arguments concerning the impact of the United States' administrative actions upon Mongolia's "hunting and conservation" policies); *Cont'l Transfert Technique, Ltd. v. Fed. Gov't of Nig.*, No. 08-CV-2026 (PLF), 2019 U.S. Dist. LEXIS 131299, at *1 (D.D.C. Aug. 6, 2019) (allowing intervention by the Central Bank of Nigeria

3

to raised *inter alia* defenses under the FSIA); *Friends of Animals v. Ashe*, Civil Action No. 15-CV-0653 (ABJ), 2015 U.S. Dist. LEXIS 198112, at *8 (D.D.C. July 10, 2015) (allowing intervention by the Ministry of Environment and Tourism for the Republic of Namibia to defend its regulatory interests in connection with "Namibia's conservation efforts and protecting its resources").

      ***Second***, CONATEL also agrees fully with Defendant's observation that "it would impose an impossible burden on this Court to proceed with adjudicating this fact-intensive dispute without meaningful participation from Caracas." *See* Mot. for Substitution 3, ECF 29-1.  In this regard, CONATEL's intervention will alleviate this burden and assist the Court in resolving this matter fairly, efficiently, and justly—because CONATEL is uniquely well-situated to collect factual evidence concerning Plaintiffs' claims.  In particular, if this case does proceed to the merits, CONATEL's participation will be indispensable for this Court to obtain access to factual evidence pertaining to the alleged expropriation of Cablevisión Group's purported assets and Plaintiffs' accusations regarding CONATEL's activities as a regulator.

      Finally, CONATEL emphasizes that neither this Motion to Intervene nor any of CONATEL's substantive and procedural requests for relief qualify as a waiver of sovereign immunity or any other privileges and defenses, in accordance with the D.C. Circuit's binding case law: "Filing a motion to intervene, like other litigation conduct such as filing motions to dismiss . . . are not responsive pleadings that result in waiver of immunity." *Broidy Capital Mgmt. LLC v. Muzin*, 61 F.4th 984, 996-97 (D.C. Cir. 2023).

4

**ARGUMENT**

I.  **INTERVENTION OF RIGHT**

Under Federal Rule of Civil Procedure 24(a)(2), this Court must permit intervention as "of right" where the movant establishes that four criteria are satisfied: **(1)** "the timeliness of the motion"; **(2)** the movant's "interest relating to the . . . transaction" underlying the litigation; **(3)** whether the litigation "may as a practical matter impair or impede the applicant's ability to protect that interest"; and **(4)** whether the movant is already "adequately represented by existing parties." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003) (internal quotations omitted). Relatedly, intervenors must prove standing under Article III. *See, e.g., In re Endangered Species Act Section 4 Deadline Litig.*, 704 F.3d 972, 976 (D.C. Cir. 2013).

In the present case, CONATEL meets each of these requirements for the reasons described below.

   A.  **TIMELINESS**

"Whether intervention be claimed of right or as permissive, . . . the application must be 'timely.'" *Nat'l Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 365 (1973). In particular, courts have found that motions to intervene under Rule 24(a) qualify as timely and do not prejudice the other litigants in any case where such motions to intervene are filed (1) before an answer and (2) before resolution of dispositive motions. *See, e.g., Sierra Club v. USDA,* No. 07-1860(EGS), 2008 U.S. Dist. LEXIS 145555, at *4 (D.D.C. May 9, 2008) (finding that the motion to intervene "was timely because it was filed before an answer was filed in this case and before the Court had ruled on any dispositive motions."); *Akiachak Native Cmty. v. DOI*, 584 F. Supp. 2d 1, 5-6 (D.D.C. 2008) (same).

Both these "timeliness" criteria are satisfied in regard to CONATEL's motion. Here, the present litigation is still at the threshold stage of determining whether this Court may exercise subject-matter jurisdiction under the FSIA. No dispositive motions have yet been decided. No party has filed any Answer under Rule 7(a) of the Federal Rules of Civil Procedure. No date for any trial has yet been scheduled. The Court also has yet to hold a motions hearing, as originally requested by Plaintiffs and later joined by Defendant under Local Civil Rule 7(f).

Accordingly, the first factor weighs in favor of CONATEL's intervention of right under Rule 24(a).

### B.  LEGALLY PROTECTED INTEREST

The second factor requires a determination of whether "the proposed intervener 'would suffer harm from an adverse decision on the merits.'" *DSMC, Inc. v. Convera Corp.*, 273 F.Supp.2d 14, 25 (D.D.C. 2002) (quoting *Alaska v. Federal Energy Regulatory Comm'n*, 980 F.2d 761, 763 (D.C. Cir. 1992)). "[I]n the intervention area the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967) (citation omitted). The D.C. Circuit has also explicitly held that "any person who satisfies Rule 24(a) will also meet Article III's standing requirement." *Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233 (2003); *see also*, *Jones v. Prince George's Cnty., Md.*, 348 F.3d 1014, 1018 (D.C. Cir. 2003) (stating that the existence of "concrete and cognizable interest" in the litigation satisfies the Article III standing requirements).

In the present litigation, CONATEL will suffer harm if Plaintiffs prevail based upon two separate reasons.

***First***, Plaintiffs allege—falsely and explicitly—that CONATEL participated in violations of international law.  Compl. ¶¶ 31, 44, 48, 63.  Plaintiffs accuse CONATEL of improperly "revok[ing] permits . . . to operate on certain frequencies" necessary for Plaintiffs' company, Cablevisión Group, to provide "internet and subscription television services." *Id.* ¶ 44.  Plaintiffs also allege that CONATEL failed to properly investigate the underlying consequences which resulted in adoption of sanctions against Cablevisión Group.  *Id.* ¶ 48.  Importantly, Plaintiffs directly assert that "the measures promoted by . . . CONATEL" resulted in "the wrongful seizure and destruction of Plaintiffs' investments and assets." *Id.* ¶ 63.

Necessarily, a ruling in Plaintiff's favor would undermine CONATEL's sovereign and regulatory powers, hindering its effectiveness in ensuring compliance within Venezuela's telecommunications sector.  Such an outcome would weaken CONATEL's ability to maintain regulatory oversight, harm public confidence in Venezuela's telecommunications sector, and cause damage to the public interest.  *See* Organic Law on Telecommunications, Article 37(7), *Official Gazette of the Bolivarian Republic of Venezuela*, No. 39.610 at 383.284 – 383.285 (Monday, February 7, 2011) (describing CONATEL's responsibilities to safeguard the interests of the Venezuelan people in regard to the telecommunications sector via licensing, monitoring, enforcement, and other regulatory activities under Venezuelan law).

In analogous circumstances, foreign states' ministries and regulators have been permitted to intervene to defend regulatory interests connected to the sectors under their supervision.  *See e.g.*, *Fund for Animals, Inc.*, 322 F.3d at 730 (authorizing a department within the Ministry of Nature and Environment of Mongolia to intervene in order to raise arguments concerning the impact of the United States' administrative actions upon Mongolia's "hunting and conservation" policies); *Ashe*, No. 15-CV-0653 (ABJ), 2015 U.S. Dist. LEXIS 198112, at *8 (allowing

7

intervention by the Ministry of Environment and Tourism for the Republic of Namibia to defend its regulatory interests in connection with "Namibia's conservation efforts and protecting its resources").

***Second***, if Plaintiffs prevail here, Plaintiffs may seek enforcement of this Court's final judgment against assets for which CONATEL exercises responsibility on behalf of the people of Venezuela in connection with the telecommunications sector. Under Venezuelan law, CONATEL is obligated to safeguard and preserve these assets for the benefit of the Venezuelan people. *See id.* The present litigation therefore poses a serious threat to CONATEL's capacity to fulfill its statutory duties and manage its resources effectively.

In similar situations, Courts have specifically found that intervenors hold legally protected interests in a litigation. *See, e.g., Cont'l Transfert Technique, Ltd. v. Fed. Gov't of Nig.,* No. 08-CV-2026, 2019 U.S. Dist. LEXIS 131299, at *11 (D.D.C. Aug. 6, 2019) ("CBN has a legally protected interest in this action because it appears to own and control the asset that Continental seeks to attach."); *Washington Mut., Inc. v. F.D.I.C.*, 659 F. Supp. 2d 152, 155 (D.D.C. 2009) (holding that an intervenor had a legally protected interest where plaintiffs "[sought] to divest [intervenor] of its ownership interest in assets it purportedly purchased").

Accordingly, the second factor also weighs in favor of CONATEL's intervention of right under Rule 24(a).

    **C.**    **POTENTIAL CONSEQUENCES FOR CONATEL'S INTERESTS**

"In determining whether an applicant's interests will be impaired, courts in this circuit look to the 'practical consequences' that the applicant may suffer if intervention is denied." *Forest Cty. Potawatomi Comm. v. United States*, 317 F.R.D. 6, 14 (D.D.C. 2016) (quoting *Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 909 (D.C. Cir. 1977)). Importantly, "undue delay or unnecessary

8

litigation burdens have the 'practical consequence' of impairing third party interests in the efficient assertion of their rights." *Harrington v. Sessions (In re Brewer)*, 863 F.3d 861, 873 (D.C. Cir. 2017) (quoting *Norton*, 322 F.3d at 735).

Because CONATEL's legally protected interests are squarely at issue here, CONATEL must be afforded a meaningful opportunity to defend itself. Denying intervention would not only prevent CONATEL from asserting its rights efficiently but would also risk the practical consequence of impairing those rights—namely, impugning the lawfulness of CONATEL's activities, weakening public confidence, and posing risks in regard to the possibility that Plaintiffs will seek attachment or execution against CONATEL's assets under any final judgment issued without CONATEL's participation.

In this regard, excluding CONATEL from this litigation would cause significant prejudice. Any attempt by CONATEL to assert its rights later would be undermined by the legal and factual findings made in CONATEL's absence at the present stage. *See, e.g., NRDC*, 561 F.2d at 910 ("[I]t is not enough to deny intervention under 24(a)(2) because applicants may vindicate their interests in some later, albeit more burdensome, litigation."). Therefore, CONATEL should be allowed to intervene now—rather than "be practically disadvantaged by the disposition of the action." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 970 (3d Cir. 1998).

Accordingly, the third factor also weighs in favor of CONATEL's intervention of right under Rule 24(a).

### D.    INADEQUATE REPRESENTATION BY EXISTING PARTIES

If intervention is not permitted, then the interests of CONATEL will not be adequately represented in the litigation. Establishing this fourth factor has been described as only a "minimal"

burden. *NRDC v. United States EPA*, 99 F.R.D. 607, 610 (D.D.C. 1983) (quoting *Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538 n. 10 (1972)).

In this regard, courts have granted motions for intervention under Rule 24(a)(2) when intervenors are better positioned to develop the factual record of the case. *See, e.g., Nuesse,* 385 F.2d at 703-04 (granting motion for intervention because intervenor "may be in a better position . . . to provide full ventilation of the legal and factual context"); *LUCID Grp. United States Inc. v. Johnson*, No. 1:22-CV-1116-RP, 2023 U.S. Dist. LEXIS 128518, at *10 (W.D. Tex. Mar. 20, 2023) (granting motion to intervene since "[m]ovant is uniquely well-situated . . . to provide evidence which supports those arguments").

In this regard, CONATEL is uniquely positioned to present evidence and arguments concerning Plaintiffs' claims—particularly those concerning the alleged expropriation of Cablevisión Group's assets. Accordingly, the fourth factor also weighs in favor of CONATEL's intervention of right under Rule 24(a).

For the reasons set forth above, therefore, CONATEL respectfully moves this Court to grant intervention of "right" under Rule 24(a)(2).

## II.    ALTERNATIVE REQUEST FOR PERMISSIVE INTERVENTION

In the alternative, the Court should exercise its discretion and permit CONATEL to intervene in this case under Rule 24(b). Indeed, it will be impossible to resolve this fact-intensive dispute fairly, justly, and efficiently "without meaningful participation from Caracas," as emphasized previously by Defendant. *See* Mot. for Substitution 3, ECF 29-1.

Rule 24(b) sets the basic parameters for permissive intervention: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). When "exercising its

discretion" under Rule 24(b), a district court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also, e.g., Roane v. Tandy,* No. 12-5020, 2012 U.S. App. LEXIS 16225, at *3 (D.C. Cir. July 6, 2012) (same); *New Hampshire v. Holder*, 293 F.R.D. 1, 8 (D.D.C. 2013) (same). As with the motion for intervention "of right," the motion for permissive intervention should be "timely." *NAACP*, 413 U.S. at 365.

In this case, CONATEL's request for permissive intervention is well-founded for the same reasons described above in **Part I** of this Memorandum, as reiterated below.

*First*, as detailed above in **Part I-A**, CONATEL's request for permissive intervention is timely because: (1) this litigation is still at the threshold stage of determining subject-matter jurisdiction under the FSIA; (2) no dispositive motions have yet been decided; (3) no parties has yet filed any Answer; (4) no trial date has been scheduled; and (5) no motions hearing has yet been scheduled.

*Second*, and relatedly, no party will suffer any "prejudice" by CONATEL's permissive intervention because the parties have not yet actively commenced litigation of the merits of this dispute. On the contrary, the parties are merely awaiting decision on dispositive motions, including the Proposed Motion to Dismiss (ECF 29-4) lodged by Defendant. Indeed, far from causing prejudice to any party, allowing CONATEL to intervene will promote efficiency by facilitating the development of a complete factual record, avoiding duplicative litigation, and eliminating the risk of parallel proceedings.

*Third*, as explained above in **Part I-B** and **Part I-C**, this litigation implicates multiple "common questions of law or fact" in respect of the legitimacy and lawfulness of CONATEL's regulatory activities. In this regard, the key point is again that Plaintiffs accuse Defendant of

violating international law on the basis of measures purportedly imposed by CONATEL. The relevant claims and defenses are therefore closely intertwined.

Respectfully, therefore, the Court should exercise its discretion to grant permissive intervention under Rule 24(b).

## CONCLUSION

For all the foregoing reasons, CONATEL respectfully requests that the Court allow CONATEL to intervene in this litigation under Rule 24(a)(2) or, alternatively, Rule 24(b).

Date: July 12, 2025

Respectfully submitted,

*/s/ David P. Riesenberg*
David P. Riesenberg (D.C. Bar No. 1033269)
Dilmurod Satvaldiev (D.C. Bar No. 90027884)
PINNA GOLDBERG U.S. PLLC
10 G Street NE, Suite 600
Washington, D.C., 20002, U.S.A.
T: +1 (202) 549-2477
E: driesenberg@pinna-goldberg.com

*Counsel for Defendant,*
*Bolivarian Republic of Venezuela*

*Counsel for the Proposed Intervenor,*
*Comisión Nacional de Telecomunicaciones*
*(CONATEL)*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| FERNANDO FRAIZ TRAPOTE and MARIA CLARA VALLEJO TASCON,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>*Defendant*,<br><br>and<br><br>THE NATIONAL TELECOMMUNICATIONS COMMISSION OF VENEZUELA,<br><br>Av. Veracruz con calle Cali, Edificio Conatel, Urbanización Las Mercedes, Caracas - Venezuela Zona Postal 1060.<br><br>*Proposed Intervenor.* | Case No. 1:23-CV-2118-LLA<br><br>ORAL ARGUMENT REQUESTED |

### **[PROPOSED] ORDER**

Upon consideration of the Motion to Intervene, and any related Opposition or Reply, it is hereby **ORDERED** that the Motion to Intervene is **GRANTED**.

    **SO ORDERED.**

Dated: _____                                  _____

                                                                             HON. LOREN L. ALIKHAN
                                                                             United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| FERNANDO FRAIZ TRAPOTE and MARIA CLARA VALLEJO TASCON,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>*Defendant*,<br><br>and<br><br>THE NATIONAL TELECOMMUNICATIONS COMMISSION OF VENEZUELA,<br><br>Av. Veracruz con calle Cali, Edificio Conatel, Urbanización Las Mercedes, Caracas - Venezuela Zona Postal 1060.<br><br>*Proposed Intervenor*. | Case No. 1:23-CV-2118-LLA<br><br><u>ORAL ARGUMENT REQUESTED</u> |

## APPENDIX TO THE PROPOSED ORDER

Pursuant to this Court's Local Civil Rule 7(k), below are the names and addresses of all attorneys entitled to be notified of entry of the Order.

David P. Riesenberg
Dilmurod Satvaldiev
PINNA GOLDBERG U.S. PLLC
10 G Street NE, Suite 600
Washington, D.C., 20002
T: (202) 549-2477
driesenberg@pinna-goldberg.com

*Counsel for Defendant, Bolivarian Republic of Venezuela; Counsel for the Proposed Intervenor, Comisión Nacional de Telecomunicaciones*

Francisco A. Rodriguez
Ana R. Ulseth
Jonathan A. Florez
REED SMITH LLP
200 South Biscayne Boulevard, Suite 2600
Miami, FL 33131
T: (786)-727-0288
francisco.rodriguez@reedsmith.com
aulseth@reedsmith.com
jonathan.florez@reedsmith.com

14

Gregory Paw
FREEH SPORKIN & SULLIVAN LLP
630 Fifth Avenue
Ste 2310
New York, NY 10111
T: (267) 421-7033
paw@fsslaw.com

Jennifer Arbittier Williams
FREEH SPORKIN & SULLIVAN LLP
2550 M Street NW, First Floor
Washington, D.C. 20037
T: (484) 787-9000
jawilliams@fsslaw.com

*Previously Listed Counsel*

Daniel Z. Herbst
REED SMITH LLP
1301 K Street, NW, Suite 1000 - East Tower
Washington, D.C., 20005
T: (202) 414-9232
dherbst@reedsmith.com

*Counsel for Plaintiffs*