UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| FERNANDO FRAIZ TRAPOTE and MARIA CLARA VALLEJO TASCON,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>*Defendant*,<br><br>and<br><br>THE NATIONAL TELECOMMUNICATIONS COMMISSION OF VENEZUELA,<br><br>*Proposed Intervenor.* | Case No. 1:23-CV-2118-LLA |

MOTION FOR ENTRY OF
ALIGNED BRIEFING SCHEDULE AND ORDER TO SHOW CAUSE

Based upon the Court's inherent authority to manage its docket, Defendant respectfully moves this Court for entry of an aligned briefing schedule, as described below.[1]

By **July 28, 2025**, any litigant seeking to oppose the Proposed Motion to Dismiss (ECF 29-4, ECF 29-5) and/or the Motion to Intervene (ECF 39) should be ordered to file an Opposition or Oppositions pursuant to Local Civil Rule 7(b) without prejudice to any eventual decision on the Motion for Substitution (ECF 29, ECF 29-1).

---

[1] Plaintiffs object to this Motion. Mr. Gregory Paw advises that his client, the 2015 National Assembly, has not yet taken any position regarding this Motion. A proposed order is attached hereto in accordance with Local Rule 7(c).

By **August 11, 2025**, any litigant seeking to support the Proposed Motion to Dismiss and/or the Motion to Intervene should be ordered to file a Reply or Replies pursuant to Local Civil Rule 7(d) without prejudice to any eventual decision on the Motion for Substitution.

Although this proposed deadline for the Reply will extend the ordinary briefing period under Rule 7(d) by one week, this extension is fair and justified for two reasons: ***First***, any litigant filing an Opposition on July 28, 2025, will have already been permitted a period of **fifty-three (53) days** to analyze and prepare responses to the Proposed Motion to Dismiss, which was already lodged on June 5, 2025.  ***Second***, it is likely that any litigant filing a Reply in support of the Proposed Motion to Dismiss on August 11, 2025, will also need to file a Reply in support of the Motion to Intervene.

Accordingly, the extension of one additional week is fully appropriate here.

More broadly, this proposed briefing schedule will help to facilitate the fair and efficient resolution of this complex litigation and avoid piecemeal consideration of any interrelated and interlocking questions at issue.  In particular, this proposed briefing schedule will ensure that all the litigants' potential arguments will be fully briefed as soon as practical.  The Court will thus be presented with the complete picture necessary to decide all pending issues efficiently, effectively, and with due regard for judicial economy.

Finally, Defendant respectfully moves this Court to issue an order directing Plaintiffs to show cause by **July 28, 2025**, why each of the defenses raised in the Proposed Motion to Dismiss should not be considered *sua sponte* by this Court—irrespective of how the Motion for Substitution is decided.

As regards the arguments raised in the Proposed Motion to Dismiss under the Foreign Sovereign Immunities Act ("FSIA"), such arguments implicate this Court's subject-matter

jurisdiction. It is well established that such arguments must be analyzed *sua sponte*, "even if the foreign state does not enter an appearance to assert [the] immunity defense." *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 496 n.5 (1983); *Turan Petroleum, Inc. v. Ministry of Oil & Gas of Kaz.*, 406 F. Supp. 3d 1, 5 n.3 (D.D.C. 2019) ("[R]egardless of whether [the intervenor] has standing to intervene in this action and raise the issue of whether the Court lacks subject-matter jurisdiction, because the FSIA deprives the Court of subject-matter jurisdiction in the absence of an applicable exception, the Court is 'obligated to consider *sua sponte*' whether it has jurisdiction hear the case." (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012))).

As to the arguments under Rule 12(b)(6) regarding Plaintiffs' failure to state a claim or commence litigation within the applicable <u>three-year period of limitations</u> under the D.C. Code, these "'non-jurisdictional'" arguments should also be considered *sua sponte* here because of "exceptional circumstances." *Owens v. Republic of Sudan*, 864 F.3d 751, 768 (D.C. Cir. 2017) (quoting *Acree v. Republic of Iraq*, 370 F.3d 41, 58 (D.C. Cir. 2004); *see also Arizona v. California*, 530 U.S. 392, 412 (2000) ("Judicial initiative of this sort might be appropriate in special circumstances.").[2]

Here, as in the *Owens* case, the non-jurisdictional defenses under Rule 12(b)(6) should be considered because of the "size" of Plaintiffs' claims—*i.e.*, purportedly worth more than US$ 1 billion—as well as the "possible effects upon international relations" that may arise based upon Plaintiffs' accusations regarding Defendant's purported violations of international law. *See Owens*, 864 F.3d at 768; *Cicippio-Puleo v. Islamic Republic of Iran*, 307, 353 F.3d 1024, 1032

---

[2]  Significantly, dismissal of this litigation under the statute of limitations is not precluded by *Maalouf v. Islamic Republic of Iran*, 923 F.3d 1095, 1112 (D.C. Cir. 2019), which held narrowly that periods of limitations may not be applied in favor of "a defendant who is entirely absent from the proceedings." This is not the situation in the present case.

(D.C. Cir. 2004) (affirming the lower court's "*sua sponte* dismissal for failure to state a claim" because it was "beyond a doubt that the plaintiffs can prove no set of facts that would entitle them to relief").

## CONCLUSION

For the foregoing reasons, Defendant respectfully moves this Court to enter an aligned briefing schedule, whereby any Oppositions will be filed on July 28, 2025, and any Replies will be filed on August 11, 2025, without prejudice to the eventual decision on the Motion for Substitution.

Defendant further respectfully requests this Court to issue an order requiring Plaintiffs to show cause why the defenses set forth in the Proposed Motion to Dismiss should not be given *sua sponte* consideration by this Court, irrespective of the ultimate decision on the Motion for Substitution.

Date: July 13, 2025                                 Respectfully submitted,

*/s/ David P. Riesenberg*
David P. Riesenberg (D.C. Bar No. 1033269)
Dilmurod Satvaldiev (D.C. Bar No. 90027884)
PINNA GOLDBERG U.S. PLLC
10 G Street NE, Suite 600
Washington, D.C., 20002, U.S.A.
T: +1 (202) 549-2477
E: driesenberg@pinna-goldberg.com

*Counsel for Defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FERNANDO FRAIZ TRAPOTE and
MARIA CLARA VALLEJO TASCON,

    *Plaintiffs*,

v.

THE BOLIVARIAN REPUBLIC OF
VENEZUELA,

    *Defendant*,

and

THE NATIONAL TELECOMMUNICATIONS
COMMISSION OF VENEZUELA,

    *Proposed Intervenor.*

Case No. 1:23-CV-2118-LLA

## [PROPOSED] ORDER

Upon consideration of the Motion for Entry of Aligned Briefing Schedule and Order to Show Cause, and any related Oppositions or Replies, it is hereby:

**ORDERED** that the Motion is **GRANTED**; and further

**ORDERED** that any Oppositions responding to the Proposed Motion to Dismiss and/or the Motion for Intervention shall be filed by **July 28, 2025**; and further

**ORDERED** that any Replies in support of the Proposed Motion to Dismiss and/or the Motion for Intervention shall be filed by **August 11, 2025**; and it is further

**ORDERED** that Plaintiffs shall **SHOW CAUSE**, in writing, by **July 28, 2025**, why the jurisdictional defenses and non-jurisdictional defenses set forth in the Proposed Motion to Dismiss,

including expiration of the applicable three-year statute of limitations, should not be considered *sua sponte* by the Court, given the extraordinary circumstances of this litigation.

**SO ORDERED.**

Dated: _____

HON. LOREN L. ALIKHAN
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| FERNANDO FRAIZ TRAPOTE and MARIA CLARA VALLEJO TASCON,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>*Defendant*,<br><br>and<br><br>THE NATIONAL TELECOMMUNICATIONS COMMISSION OF VENEZUELA,<br><br>*Proposed Intervenor*. | Case No. 1:23-CV-2118-LLA |

## APPENDIX TO THE PROPOSED ORDER

Pursuant to this Court's Local Civil Rule 7(k), below are the names and addresses of all attorneys entitled to be notified of entry of the Order.

David P. Riesenberg
Dilmurod Satvaldiev
PINNA GOLDBERG U.S. PLLC
10 G Street NE, Suite 600
Washington, D.C., 20002
T: (202) 549-2477
driesenberg@pinna-goldberg.com

*Counsel for Defendant*

Francisco A. Rodriguez
Ana R. Ulseth
Jonathan A. Florez
REED SMITH LLP
200 South Biscayne Boulevard, Suite 2600
Miami, FL 33131
T: (786)-727-0288
francisco.rodriguez@reedsmith.com
aulseth@reedsmith.com
jonathan.florez@reedsmith.com

Gregory Paw
FREEH SPORKIN & SULLIVAN LLP
630 Fifth Avenue
Ste 2310
New York, NY 10111
T: (267) 421-7033
paw@fsslaw.com

Jennifer Arbittier Williams
FREEH SPORKIN & SULLIVAN LLP
2550 M Street NW, First Floor
Washington, D.C. 20037
T: (484) 787-9000
jawilliams@fsslaw.com

*Previously Listed Counsel*

Daniel Z. Herbst
REED SMITH LLP
1301 K Street, NW, Suite 1000 - East Tower
Washington, D.C., 20005
T: (202) 414-9232
dherbst@reedsmith.com

*Counsel for Plaintiffs*

2