UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FERNANDO FRAIZ TRAPOTE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> *Defendant*. | Civil Action No. 23 - 2118 (LLA) |

### ORDER INVITING THE VIEWS OF THE EXECUTIVE BRANCH

Plaintiffs Fernando Fraiz Trapote and Maria Clara Vallejo Tascon filed this action against the Bolivarian Republic of Venezuela in July 2023 alleging expropriation of property in violation of international law. ECF No. 1. In November 2024, the Bolivarian Republic of Venezuela—through the 2015 National Assembly and represented by the law firm of Freeh, Sporkin & Sullivan LLP—filed a motion to dismiss the complaint, ECF No. 22, which the parties fully briefed, ECF Nos. 22, 24, 25.

In June 2025, the Bolivarian Republic of Venezuela—through the Office of the Attorney General in Caracas ("Caracas Authority") and represented by the law firm of Pinna Goldberg PLLC—filed a motion to substitute the defendant in interest and replace Freeh, Sporkin & Sullivan as counsel, ECF No. 29 ("Substitution Motion"). As part of the Substitution Motion, the Caracas Authority included a proposed motion to dismiss and a supporting memorandum of points and authorities. ECF Nos. 29-4, 29-5. The 2015 National Assembly opposed the Caracas Authority's Substitution Motion. ECF No. 33.

In July 2025, the National Telecommunications Commission of Venezuela ("CONATEL"), also represented by Pinna Goldberg, filed a motion to intervene. ECF No. 39. In a subsequent status report, the 2015 National Assembly took the position that it was authorized to represent CONATEL because CONATEL is an entity "owned or controlled, directly or indirectly, by the Government of Venezuela." ECF No. 41 ¶ 3. The 2015 National Assembly does not seek CONATEL's intervention. *Id.* ¶ 4.

These competing motions present a threshold question of which entity—the 2015 National Assembly or the Caracas Authority—represents the Bolivarian Republic of Venezuela for purposes of this case. It is well settled that foreign policy decisions "are wholly confided by our Constitution to the political departments of the government, Executive and Legislative." *Chi. & S. Air Lines v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948). "They are decisions of a kind for which the Judiciary has neither aptitude, facilities[,] nor responsibility and have long been held to belong in the domain of political power not subject to judicial intrusion or inquiry." *Id.* For that reason, the court finds it appropriate to invite the U.S. Department of State to provide its views, if any, on what entity is the recognized government of the Bolivarian Republic of Venezuela for the purpose of defending this action. *See* 28 U.S.C. § 517 ("The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States[.]"); *see also Harvey v. Permanent Mission of the Republic of Sierra Leone to the United Nations*, No. 21-CV-4368 (S.D.N.Y. July 31, 2024), ECF No. 234 (United States' response to the district court's invitation to provide a statement of interest); *Miango v. Democratic Republic of Congo*, No. 15-CV-1265 (D.D.C. Dec. 3, 2018), ECF No. 142 (same); *Sabbithi v. Al Saleh*, No. 07-CV-115 (D.D.C. July 22, 2008), ECF No. 48 (same); *cf. McKesson Corp. v. Islamic*

*Republic of Iran*, 539 F.3d 485, 491 (D.C. Cir. 2008) (directing the district court to solicit the views of the United States on remand); *Russian Volunteer Fleet v. United States*, 282 U.S. 481, 488 (1931) (discussing a letter from the Secretary of State (1) recognizing the Provisional Government of Russia, which was overthrown in 1917, and (2) stating that "the Government of the United States has not extended recognition to any regime established in Russia subsequent to the overthrow of the Provisional Government").

The U.S. Department of State may file a statement of interest, or request an extension of time to file any such statement, on or before September 19, 2025.

To ensure prompt service on the U.S. Department of State, it is hereby **ORDERED** that both the 2015 National Assembly and the Caracas Authority shall cause this order to be served on the U.S. Department of State, the U.S. Attorney General, and the U.S. Attorney for the District of Columbia in accordance with Federal Rule of Civil Procedure 4(i)(1) & (2).  It is further

**ORDERED** that the Deputy Clerk of the Court shall cause this order to be served by the U.S. Marshals Service on the U.S. Department of State, the U.S. Attorney General, and the U.S. Attorney for the District of Columbia in accordance with Federal Rule of Civil Procedure 4(i)(1) & (2).  It is further

**ORDERED** that this case is **STAYED** pending receipt of the views of the U.S. Department of State, with the caveat that the parties' obligations to file briefs in response to the court's second July 30, 2025 order, ECF No. 43, remain in effect.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:  August 5, 2025