UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| FERNANDO FRAIZ TRAPOTE, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case 23-cv-2118-LLA |
| | : | |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

DEFENDANT'S BRIEF
IN RESPONSE TO THE
COURT'S JULY 30, 2025 ORDER

COMES NOW defendant Bolivarian Republic of Venezuela ("Venezuela" or the "Republic"), by Freeh Sporkin & Sullivan LLP, pursuant to the Court's July 30, 2025 Order (the "Order") (ECF No. 43), seeking input on six questions following the Court's status conference on July 30, 2025.  In response, the Republic states as follows:

**1.  Is it necessary for the court to determine which entity represents the Bolivarian Republic of Venezuela before deciding the Substitution Motion, ECF No. 29?**

Response:  **Yes**.  A decision on the issue of which entity represents Venezuela is necessary as the proceedings already are producing conflicts between the legal strategy of the Republic and counsel for the Maduro regime, represented by Mr. Riesenberg.  Specifically, and as set forth below, the Republic does not isopt all aspects of Mr. Riesenberg's Lodged Motion to Dismiss (ECF Nos. 29-4, 29-5), including arguments in support of defenses on the merits that the Republic believes should not proceed (if at all)

until the issue of the Court's subject-matter jurisdiction are decided.  Mr. Riesenberg similarly has stated that he disagrees with arguments raised by the Republic, particularly on the topic of issue preclusion (collateral estoppel).  *See* ECF No. 29-5 at 4 n.3 and discussion below at Question 3.

The case orally relied upon by Mr. Riesenberg at the status hearing to support the view that both sets of counsel may provisionally move forward is inapposite and involved a situation where the D.C. Circuit allowed multiple sets of legal counsel to present arguments as *amici curiae* in support of the district court's judgment denying the plaintiffs' motion for summary judgment and dismissing the complaint, in a case where the Republic of Iran did not itself make an appearance to defend the litigation.  *See Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024, 1030 (D.C. Cir. 2004).  The situation is far different here, where two sets of legal counsel with unique and conflicting approaches to defending the litigation are seeking to represent the Republic at the same time.  The positions of these sets of counsel already are in conflict, and the conflict is only likely to intensify as the issues progress.  The only workable solution to this developing conflict is to decide which counsel will represent the Republic as the litigation moves forward.

**2.  Is it necessary for the court to determine which entity represents the Bolivarian Republic of Venezuela before deciding the Intervention Motion, ECF No. 39?**

Response:  **Yes**.  As set forth in the Republic's prior notice (ECF No. 41), the Republic does not adopt Mr. Riesenberg's motion to intervene on behalf of the National Telecommunications Commission of Venezuela ("CONATEL") (ECF No. 39) and does not

seek to have CONATEL intervene under either Fed. R. Civ. P. 24(a)(2) or 24(b).  There thus is a difference in position between the Republic and Mr. Riesenberg, who has advocated for intervention by CONATEL.  A decision is required on which entity represents Venezuela so that the Court can determine if the motion to intervene can be set aside (the Republic's position) or if the motion to intervene should proceed to full briefing and a decision by the Court (Mr. Riesenberg's position).

Mr. Riesenberg orally relied upon a case before Judge Walton for the view that this Court should provisionally grant the intervention motion without deciding which lawyers represent the Republic, apparently referring to the case *Turan Petroleum, Inc. v. Ministry of Oil & Gas of Kazakhstan*, 406 F. Supp. 3d 1 (2019) (Walton, J.).  This case lends no support for any delay in deciding the issue of which lawyers shall represent the Republic.  Instead, the intervenor in this case, Turan Nevada, revealed that the original plaintiffs were "strawmen" for a Kazakh national who had been unsuccessfully arguing for several years that he was the lawful owner of a mining concession in Kazakhstan, rather than Turan Nevada.  *See* ECF No. 15 at 2, *Turan Petroleum, Inc.*, Case 1:10-cv-2102-RBW (Mar. 30, 2011) ("Turan Nevada is the real party in interest in this lawsuit … and is situated such that resolving this case without it will impair or impede its ability to protect its interest in the claims being brought and the [mining concession] itself.").  Rather than resolve the ownership dispute, the court allowed the intervenor Turan Nevada to file a motion to dismiss on Foreign Sovereign Immunities Act ("FSIA") jurisdictional grounds, which the court ultimately granted without directly addressing the underlying ownership dispute.  *Turan Petroleum, Inc.*, 406 F. Supp. 3d at 18.  The court thus reached an efficient solution to address the FSIA immunity issue.

Nothing in these facts has application to the current case, where two competing factions both claim to be the rightful legal representative of a sovereign nation and one of these factions seeks to bring another party into the litigation because that party (CONATEL) allegedly has documents and information critical to defense of the case.  Those substantive defenses may never need to be addressed if the Court lacks subject-matter jurisdiction, so there is no efficiency associated with granting provisional intervention.  To the contrary, granting intervention will only complicate proceedings and require plaintiffs to respond to an issue that may end up being moot.

**3.  Is it necessary for the court to determine which entity represents the Bolivarian Republic of Venezuela before deciding the Original Motion to Dismiss, ECF No. 22?**

<u>Response</u>:  **Yes**.  Mr. Riesenberg has indicated that he disagrees with portions of the Republic's Original Motion to Dismiss (ECF No. 22).  Specifically, as indicated in his briefing and at the status conference of July 14, 2025, Mr. Riesenberg "does **not** agree with the position taken in [ECF No. 22-1 and ECF No. 25] by [Freeh Sporkin & Sullivan LLP] regarding the question of issue preclusion (collateral estoppel)."  ECF No. 29-5 at 4 n.3 (emphasis original).  A decision on which entity represents the Republic will guide the Court on whether this and other arguments where counsel are in apparent disagreement should be heard and decided.

The Republic disagrees with Mr. Riesenberg's position concerning application of collateral estoppel, which prohibits Fraiz from relitigating the thorough factual record before the Arbitration Panel which found that Fraiz's effective and dominant nationality

- 4 -

was Venezuelan.  In a case where Mr. Riesenberg was counsel, the D.C. Circuit on August 5, 2025 issued its decision in *Hulley Enterprises, Ltd. v. Russian Federation*, 2025 WL 2216545 (D.C. Cir. Aug. 5, 2025).  In *Hulley*, the Court vacated the district court's decision denying Russia's motion to dismiss for lack of subject-matter jurisdiction, and remanded with instructions for the district court to review *de novo* Russia's position, noting that issue preclusion in sovereign immunity determinations under the FSIA is an issue of first impression in the U.S., with "numerous threshold issues necessary to resolve before giving preclusive effect to foreign judgments[.]"  *Id*. at * 6.

The Court in *Hulley* drew a distinction between a district court's deference to a foreign tribunal on the issue of determining "jurisdictional facts" that go to whether a foreign sovereign has waived sovereign immunity under the FSIA, *id*. at * 5, and the issue of whether a foreign tribunal's decision can "control the factual questions that the district court must answer." *Id*. at * 6.  The Court remanded the case to consider the "numerous threshold issues" necessary to resolve before giving preclusive effect to foreign judgments.

The Court also provided guidance for consideration of this issue, including "whether issue preclusion applies to jurisdictional questions under the FSIA" and if so, "whether preclusion extends to foreign judgments."  *Id*. at * 6-7 ("This, too, appears to be a novel question.").  The Court noted that since the Supreme Court's decision in *Hilton v. Guyot*, 159 U.S. 113, 163–67 (1895), the federal courts have extended comity to foreign judgments that comport with the standard expounded by the Court.  *Hulley Enterprises, Ltd.*, 2025 WL 2216545 at * 7.  If issue preclusion applies to jurisdictional facts under the FSIA, the district court must apply the *Hilton* factors to determine whether principles of comity counsel in favor of recognizing the foreign judgment.

The analysis in *Hulley* is helpful in resolving the concern raised by Mr. Riesenberg. First, the Republic is not seeking to use established facts from the arbitration to determine whether a foreign sovereign has waived sovereign immunity under the FSIA. The facts here instead demonstrate that Fraiz cannot show that rights in his property were taken in violation of international law because a foreign state's seizure of its citizens' property within its territory does not violate international law. *See* ECF No. 22-1 at 11. Second, the Republic presented analysis of how the tribunal met all of the due process standards expected to give comity to a foreign tribunal's decision. *Id.* at 12, 15-16. Finally, the Republic noted that "**even if the doctrine of collateral estoppel did not apply here**," Fraiz "cannot avoid the conclusion that the arbitration panel reached that his effective and dominant nationality was Venezuelan" and he has presented no facts "to draw this conclusion into question." *Id.* at 17 (emphasis added). Fraiz has presented no new evidence to the Court to draw question into his effective and dominant nationality.

**4. If the court may decide one or more of the motions at issue in questions 1, 2, and 3 before determining which entity represents the Bolivarian Republic of Venezuela, in what order should the court consider the motions?**

Response: By way of background, the D.C. Circuit has encouraged district courts to explore the ease with which potentially dispositive jurisdictional defenses could be evaluated and determined in a cost-effective manner. *In re Papandreou*, 139 F.3d 247, 254 (D.C. Cir. 1998). While the issue of sovereign immunity has a "primacy" among the potential defenses, the "primacy of immunity values need not imply priority of immunity determination." *Id.* In fact, the Supreme Court has found that "a federal court has leeway 'to

- 6 -

choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). Thus, a federal court is free, for example, to dismiss for lack of personal jurisdiction without reaching the question of subject matter jurisdiction. *Ruhrgas*, 526 U.S. at 578.

Whether a defense is "jurisdictional" can be a difficult question, given the "woolliness of the concept," *Cross-Sound Ferry Services v. ICC*, 934 F.2d 327, 341 (D.C. Cir. 1991) (Thomas, J., concurring), but the question is important, since resolving a merits issue while jurisdiction is in doubt carries the courts "beyond the bounds of authorized judicial action." *In re Papandreou*, 139 F.3d at 255-56. For example, while failure to state a claim is a threshold ground for dismissal that spares the defendant the burden of litigation, such a finding also is a decision on the case merits. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'").

Given these points, counsel for the Republic has focused upon prioritizing resolution of open motions addressing the threshold issue of subject-matter jurisdiction, while reserving attention to those issues that may result in dismissal on the merits. The Republic thus suggests that the Court consider the open motions in the following order:

    1.  Motion to Substitute (ECF No. 29)

The issues raised in the Motion to Substitute are threshold issues that, once decided, will allow for efficient resolution of those motions filed only by the correct attorneys. Therefore, the Republic proposes that the Motion to Substitute should be decided first and

before any other motions.  If the Republic continues to be represented by Freeh Sporkin & Sullivan LLP, then the Republic suggests that the Court next consider:

        2.  Original Motion to Dismiss (ECF No. 22)

The consideration of the Original Motion to Dismiss would include any arguments adopted below by the Republic from the Lodged Motion to Dismiss, ECF Nos. 29-4, 29-5. Plaintiffs have not yet had an opportunity to oppose any points from the Lodged Motion to Dismiss, so the Court would need to set a briefing schedule for any additional points needing to be addressed.

If the Republic should be represented by Mr. Riesenberg and the Maduro regime, then the Court would need to address other motions brought by Mr. Riesenberg, including:

        3.  The Lodged Motion to Dismiss (ECF Nos. 29-4, 29-5); and

        4.  The Intervention Motion (ECF No. 39).


**5.  Given that the court has a *sua sponte* obligation to consider its own subject-matter jurisdiction, and in light of the arguments raised in the Lodged Motion to Dismiss, ECF Nos. 29-4, 29-5, what, if any, arguments from the Lodged Motion to Dismiss may the court consider if it is to rule on the Original Motion to Dismiss?**

<u>Response</u>:  The Republic considers that arguments concerning the Court's subject-matter jurisdiction under the FSIA should be prioritized, given the direction of the D.C. Circuit on the approach to such cases.  Other grounds for dismissal should be considered (if at all) at a later point after the issue of subject matter jurisdiction has been resolved.  Thus, the Republic considers the following arguments to be appropriate for consideration:

| Point | Argument | Reason to Consider |
|---|---|---|
| I.A | Fails to state a claim because property involved in not present in the United States | Relates to Subject-Matter Jurisdiction |
| I.B | Fails to state a claim because any interest does not constitute "rights in property" | Relates to Subject-Matter Jurisdiction |
| III.A | Fraiz is barred from his claims because of the "domestic takings" rule and his "dominant and effective nationality" | Relates to Subject-Matter Jurisdiction |
| III.A.2 | Fraiz cannot satisfy the "Extraterritorial Elements" of FSIA | Relates to Subject-Matter Jurisdiction |

Consideration of the following arguments should be postponed until after subject-matter jurisdiction has been considered and resolved:

| Point | Argument | Reason to Hold |
|---|---|---|
| II.A | FSIA does not create a cause of action for "Expropriation" | Seeks dismissal on merits |
| II.B | Complaint is not timely | Seeks dismissal on merits |
| III.B | Reserving defenses against Vallejo Tascon | No unique argument for dismissal |

**6. For Freeh, Sporkin & Sullivan only: What, if any, arguments from the Lodged Motion to Dismiss, ECF Nos. 29-4, 29-5, does your client adopt?**

<u>Response</u>:  Upon review of the Lodged Motion to Dismiss (ECF Nos. 29-4, 29-5), the Republic would adopt the following arguments through Freeh Sporkin & Sullivan:

| Point | Argument | Adopted by Republic |
|---|---|---|
| I.A | Fails to state a claim because property involved in not present in the United States | **Adopted** (largely addressed in Section C.1 of ECF No. 22) |
| I.B | Fails to state a claim because any interest does not constitute "rights in property" | **Adopted** (largely address in Section B of ECF No. 22) |
| II.A | FSIA does not create a cause of action for "Expropriation" | **Not Adopted** but reserved should subject-matter jurisdiction be found to exist |
| II.B | Complaint is not timely | **Not Adopted** but reserved should subject-matter jurisdiction be found to exist |
| III.A | Fraiz is barred from his claims because of the "domestic takings" rule and his "dominant and effective nationality" | **Adopted** but with notation of differing views on application of collateral estoppel |
| III.A.2 | Fraiz cannot satisfy the "Extraterritorial Elements" of FSIA | **Adopted** (largely addressed in Section B.2 of ECF No. 22) |
| III.B | Reserving defenses against Vallejo Tascon | **Not Adopted** but reserved should subject-matter jurisdiction be found to exist |

If the Republic continues to be represented by Freeh Sporkin & Sullivan in this litigation, an amended motion to dismiss can be filed to reflect any arguments that are being adopted. Plaintiffs then could file a supplemental opposition to respond to the new arguments.

Dated:  August 29, 2025

Respectfully Submitted,

FREEH SPORKIN & SULLIVAN LLP

By: /s/ Gregory A. Paw
Gregory A. Paw
Bar Number 421897
Jennifer Arbittier Williams
Bar Number 90010166
2550 M Street NW, First Floor
Washington, DC  20037
267-421-7033
paw@fsslaw.com

COUNSEL FOR DEFENDANT THE
BOLIVARIAN REPUBLIC OF VENEZUELA

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this brief has been served this __29th__ day of August, 2025, upon all counsel of record using the Court's CM/ECF system.

                                        By:  /s/ Gregory A. Paw
                                                Gregory A. Paw