# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FERNANDO FRAIZ TRAPOTE, *et al.*, | |
| *Plaintiffs*, | 1:23-cv-02118 |
| v. | Hon. Loren L. AliKhan |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | |
| *Defendant*. | |

## STATEMENT OF INTEREST OF THE UNITED STATES OF AMERICA

The United States of America (the "United States" or the "Government") respectfully submits this Statement of Interest in response to the invitation of the Court, and pursuant to 28 U.S.C. § 517,[1] to provide the views of the Government "on what entity is the recognized government of the Bolivarian Republic of Venezuela for the purpose of defending this action." ECF No. 49 (Order) at 2.  The United States affirms its recognition of, and firm support for, the 2015 National Assembly as the government of Venezuela.

### DISCUSSION

The United States recognizes the 2015 National Assembly as the government of Venezuela. *See, e.g.*, U.S. Dep't of State, Press Statement, Venezuela's Interim Government and the 2015 National Assembly (Jan. 3, 2023), https://perma.cc/N8N3-KP3P.  The United States recently provided additional context on its position, as detailed in the attached letter from Ambassador Michael G. Kozak, Senior Bureau Official at the Bureau of Western Hemisphere Affairs of the

---

[1] Congress has authorized the Attorney General to send "any officer of the Department of Justice . . . to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States."  28 U.S.C. § 517.

U.S. Department of State to Brenna Jenny, Deputy Assistant Attorney General, Civil Division, U.S. Department of Justice (Kozak Letter).  That letter is annexed hereto as Exhibit A and was recently filed in another court proceeding where the same recognition question arose.  *See Petróleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, No. 19-cv-10023 (S.D.N.Y. Aug. 29, 2025), ECF No. 393-1.

As set forth in the Kozak Letter, the country of Venezuela has been in a state of upheaval in recent years thanks to Nicolás Maduro and his associates.  "Maduro and his coterie of corrupt associates have ravaged Venezuela's economy, inflicted serious human rights abuses upon innocent citizens, and have exploited and squandered the Venezuelan people's assets." *Id.* at 1. The plight of the Venezuelan people has worsened in recent years "due to Maduro's cruelty, corruption, and inhuman indifference to the misery of tens of millions of his countrymen." *Id.*  In the Venezuelan presidential election held in July 2024, Maduro "falsely and baselessly declared himself the winner," despite evidence that Venezuelan "citizens overwhelmingly cast their ballots for opposition candidate Edmundo González Urrutia." *Id.*

Since then, Maduro has "unleashed a campaign of terror and repression that Maduro and his associates mistakenly hope will break the will of the Venezuelan people." *Id.* at 2.  Further, Maduro has continued to cultivate "ties with our nation's most committed adversaries, has destabilized neighboring states through the export of narcotics and violence, and has created a refugee crisis that is now the greatest in the history of the Americas." *Id.*  These actions "directly threaten our nation's security, prosperity, and foreign policy interests, and the well-being of millions throughout our hemisphere." *Id.*  As a result, the United States has "imposed sanctions on Maduro and those enabling his malign conduct under various executive orders dating back to 2015." *Id.*

"Maduro does not speak for the Venezuelan people," and the United States does not recognize Maduro or his associates as the government of Venezuela. *Id.* Secretary Rubio has reiterated this point in recent months. *See, e.g.*, U.S. Dep't of State, *Secretary of State Marco Rubio with Sid Rosenberg of Sid and Friends in the Morning* (Aug. 12, 2025), https://perma.cc/7PGT-8KV7 ("[Maduro is] not a government official."); U.S. Dep't of State, Press Statement: Marco Rubio, Secretary of State, *Standing with the Venezuelan People: One Year After Another Sham Election* (July 27, 2025), https://perma.cc/3FA9-VYBF ("Maduro is not the President of Venezuela and his regime is not the legitimate government."). The 2015 National Assembly "remains the only democratically elected public institution in Venezuela." Kozak Letter at 2. As such, "the United States recognizes the 2015 National Assembly as the government of Venezuela." *Id.*

That recognition is dispositive of who can "defend[] this action" on behalf of Venezuela. Order at 2. "Recognition is a 'formal acknowledgement' that a particular 'entity possesses the qualifications for statehood' or 'that a particular regime is the effective government of a state.'" *Zivotofsky ex rel. Zivotofsky v. Kerry*, 576 U.S. 1, 11 (2015) (quoting Restatement (Third) of Foreign Relations Law of the United States § 203, Comment a, p. 84 (1986)). The Supreme Court has long recognized the Executive Branch's exclusive authority to recognize a foreign state or government. "Political recognition is exclusively a function of the Executive," *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 410 (1964), and courts are bound by that determination when determining what regime constitutes the government of a state. *See, e.g.*, *Oetjen v. Central Leather Co.*, 246 U.S. 297, 302 (1918) ("Who is the sovereign, de jure or de facto, of a territory is not a judicial, but is a political question, the determination of which by the legislative and executive departments of any government conclusively binds the judges, as well as all other officers, citizens

and subjects of that government.") (quotation marks omitted); *United States v. Pink*, 315 U.S. 203, 223 (1942) ("[R]ecognition of a foreign sovereign conclusively binds the courts."); *see also Casa Express Corp. v. Bolivarian Repub. of Venezuela*, 492 F. Supp. 3d 222, 226 (S.D.N.Y. 2020) (recognition of 2015 National Assembly as "the legitimate legislature" was binding on the court).

Furthermore, recognition governs who may access United States courts on behalf of a foreign government.  It is long established that "the rights of a sovereign state are vested in the state rather than in any particular government which may purport to represent it, and that suit in its behalf may be maintained in our courts only by that government which has been recognized by the political department of our own government as the authorized government of the foreign state." *Guaranty Trust Co. of N.Y. v. United States*, 304 U.S. 126, 137 (1938) (internal citation omitted); *see also Zivotofsky*, 576 U.S. at 11 ("Recognized sovereigns may sue in United States courts."). Accordingly, only the recognized government of a foreign state that may sue in the United States may appear on behalf of that state.

In light of these principles, the lawyers retained by the 2015 National Assembly are the appropriate representatives of Venezuela for purposes of this action.  Multiple courts in this District have reached the same conclusion when deciding the proper representatives of Venezuela. *See OI European Grp. B.V. v. Bolivarian Repub. of Venezuela*, 2019 WL 2185040, at *5 (D.D.C. May 21, 2019) (concluding, in light of *Guaranty Trust*, that because the 2015 National Assembly was recognized by the United States, the Court recognized the Assembly's lawyers "as the appropriate representatives of Venezuela."); *see also* Order, *Rusoro Mining Ltd. v. Bolivarian Repub. of Venezuela*, No. 18-7044, Doc No. 1785518 (D.C. Cir. May 1, 2019) (per curiam) (same); *Valores Munidales, S.L. v. Bolivarian Repub. of Venezuela*, 2023 WL 3453633, at *7 (D.D.C. May 15, 2023), *aff'd*, 87 F.4th 510 (D.C. Cir. 2023) (court "would likely reject" notices of appearance

filed by Maduro regime, had they been filed, "over the objection of the government that the U.S. Executive recognized," the 2015 National Assembly).  To allow lawyers retained by the Office of the Attorney General in Caracas to defend this action would run contrary to those precedents and the recognition determination made by the Executive.

With respect to the merits of this action or any other legal question besides which lawyers represent the recognized government of Venezuela, the Government takes no position.

## CONCLUSION

For the foregoing reasons, the United States (1) respectfully advises the Court of its recognition of and support for the 2015 National Assembly as the government of Venezuela; (2) urges the Court to permit the representatives of the 2015 National Assembly to defend this action; and (3) takes no position on any other legal issue presented by this action.

Date: September 26, 2025                    Respectfully submitted,

                                            BRETT A. SHUMATE
                                            Assistant Attorney General

                                            ALEXANDER K. HAAS
                                            Director

                                            JOSEPH E. BORSON
                                            Assistant Branch Director

                                            */s/ Christian Dibblee*
                                            CHRISTIAN DIBBLEE (D.C. Bar No. 90002557)
                                            Trial Attorney, U.S. Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street, N.W.
                                            Washington, D.C. 20005
                                            Tel.: (202) 353-5980
                                            Email: christian.r.dibblee@usdoj.gov

                                            *Counsel for the United States*