**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FERNANDO FRAIZ TRAPOTE, and<br>MARIA CLARA VALLEJO TASCON,<br><br>Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF<br>VENEZUELA,<br><br>Defendant. | Case No. 1:23-cv-02118-LLA |

**JOINT STATUS REPORT**

Plaintiffs Fernando Fraiz Trapote and Maria Clara Vallejo Tascon (collectively, "Plaintiffs") and Defendant the Bolivarian Republic of Venezuela ("Defendant" or "Venezuela") (together, the "Parties"), respectfully submit this Joint Status Report pursuant to the Court's August 14, 2026, Minute Order, which directed the Parties to meet and confer and file a joint status report by September 11, 2026, "updating the court on the status of the proceedings, including a proposed schedule for dispositive motions, if any, or a deadline by which Defendant Venezuela will file an answer to Plaintiffs' complaint."

The Parties met and conferred but were unable to agree on a proposed schedule. Accordingly, the Parties respectfully submit their respective positions below and attach competing proposed orders for the Court's consideration.

## I. PROCEDURAL BACKGROUND

1. Plaintiffs filed this action on July 20, 2023. (ECF No. 1). Service was effected on Defendant on August 3, 2024. (ECF No. 19).

2. On November 1, 2024, Defendant, through counsel then authorized to appear on its behalf, filed a Motion to Dismiss for Lack of Jurisdiction. (ECF No. 22). Plaintiffs filed their

Opposition on January 6, 2025, (ECF No. 24), and Defendant filed its Reply on January 13, 2025, (ECF No. 25).

3. On June 5, 2025, a second set of counsel—Pinna Goldberg U.S. PLLC—purported to enter an appearance on behalf of Defendant and filed a Motion to Substitute Party and Substitute Counsel, (ECF Nos. 28 & 29), which included a proposed new motion to dismiss. (ECF Nos. 29-4, 29-5). Defendant's prior counsel, Freeh, Sporkin & Sullivan LLP, opposed the substitution. (ECF No. 33). The competing representation claims prompted the Court to stay the case on August 5, 2025, pending the views of the U.S. Department of State. (ECF No. 49). The case remained stayed for approximately one year while the representation dispute was resolved.

4. The undersigned Counsel for Defendant entered their appearances on July 23, 24, and 28, 2026. (ECF 66, 67, 71, 72)

5. By Order dated August 14, 2026, the Court recognized Defendant's Counsel as "the sole undisputed legal counsel for Defendant," *sua sponte* denied as moot all previously pending motions to dismiss filed on Defendant's behalf, and lifted the stay. The Court further ordered the Parties to meet and confer and file a joint status report on or before September 11, 2026, addressing the status of the proceedings and including a proposed schedule for dispositive motions, if any, or a deadline by which Defendant will file an answer to Plaintiffs' Complaint.

6. On August 20, 2026, the Parties conferred in good faith but were unable to reach agreement on how to proceed. Defendant seeks leave to file a new motion to dismiss and requests that the Court set a corresponding briefing schedule. Plaintiffs oppose new briefing and instead propose that Defendant either file an answer and proceed to a summary judgment briefing schedule, or move to reinstate the previously filed motion to dismiss and associated briefing. (ECF 22, 24, 25). The Parties therefore submit this Joint Status Report setting out each side's position,

together with their respective proposed scheduling orders. Plaintiffs' proposed scheduling order is attached as Exhibit 1, and Defendant's proposed scheduling order is attached as Exhibit 2.

## II. THE PARTIES' POSITIONS

### A. Plaintiffs' Position

7. Plaintiffs respectfully submit that the appropriate course is for Defendant to file an Answer to the Complaint (ECF No. 1), after which the Parties would submit a joint proposed scheduling order that includes a briefing schedule for motions for summary judgment pursuant to Federal Rule of Civil Procedure 56.

#### *i. Renewed Motion-to-Dismiss Briefing Is Not Warranted*

8. Defendant's Motion to Dismiss (ECF No. 22) was filed on November 1, 2024, and was fully briefed by January 13, 2025. The motion has been ripe for approximately twenty months. Plaintiffs opposed it at substantial expense. That motion was filed by counsel who were at the time competent and authorized to represent Venezuela, raising jurisdictional arguments on behalf of the sovereign. It was Venezuela's motion—not a filing belonging to any particular law firm.

9. Rule 12(g)(2) of the Federal Rules of Civil Procedure provides that a party that makes a motion under Rule 12 "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." The rule governs successive motions *by the party*—not by particular counsel. Venezuela has already made its Rule 12 motion. While subject-matter jurisdiction may be raised at any time under Rule 12(h)(3), that provision does not entitle a party to a second pre-answer motion to dismiss simply because it has retained new counsel. Nor has anything changed about the Complaint that would warrant renewed Rule 12 practice: there has been no amendment, no new causes of action, no new factual allegations, and no intervening development affecting the pleading itself.

10. This approach is consistent with how courts in this District have treated prior litigation conducted on Venezuela's behalf notwithstanding a subsequent change in its authorized representatives. In *OI European Group B.V. v. Bolivarian Republic of Venezuela*, 419 F. Supp. 3d 51 (D.D.C. 2019), the court confronted competing claims of authority to represent Venezuela following the United States' recognition of the Guaidó government. Although the court ultimately recognized Guaidó-appointed counsel as Venezuela's proper representatives, it did not treat the litigation conducted on Venezuela's behalf by its prior representatives as a nullity. To the contrary, the court "reviewed both defense filings" submitted by the competing representatives, *id.* at 53, and later emphasized that "[b]oth the Maduro government and Guaidó government have defended this lawsuit and have had the benefit of this court's legal process," *id*. at 56. *OI European* thus reflects the distinction relevant here: a change in the representatives authorized to speak for Venezuela does not erase the litigation already conducted on behalf of the sovereign. Venezuela has already availed itself of Rule 12 through counsel authorized to represent it at the time, and the subsequent substitution of new counsel provides no basis to restart that completed motion practice. *Cf. Koch Mins. Sarl v. Bolivarian Republic of Venezuela*, 514 F. Supp. 3d 20, 34 (D.D.C. 2020) ("To find otherwise would create the absurd result that every lawsuit against a foreign sovereign would have to restart with regime change. That would be a waste of judicial resources . . . .").

11. Permitting fresh briefing in these circumstances would further prejudice Plaintiffs, whose assets have been expropriated since 2014. This case has been pending for over three years, and Defendant has cycled through three sets of counsel during that time. No provision of the Federal Rules or the Local Rules of this Court entitles a party to re-brief a motion to dismiss because it has changed counsel.

***ii. Requiring Defendant To File an Answer Does Not Prejudice Defendant***

12. The Court's August 14, 2026, Minute Order itself contemplated the filing of an answer as one of the two paths forward, directing the Parties to propose either a schedule for dispositive motions or "a deadline by which Defendant Venezuela will file an answer to Plaintiffs' complaint." Plaintiffs submit that the answer path is the appropriate one. Requiring Defendant to answer does not prejudice Defendant in any respect. A defense of lack of subject-matter jurisdiction may be raised at any time, including after an answer has been filed, pursuant to Federal Rule of Civil Procedure 12(h)(3). Defendant's jurisdictional arguments are therefore fully preserved regardless of whether Defendant files an answer.

***iii. Alternatively, The Court Should Reinstate the Fully Briefed Motion to Dismiss and Issue A Ruling On It***

13. In the alternative, if the Court concludes that dispositive motions should be resolved before Defendant files an answer, Plaintiffs submit that the most equitable and efficient course is to reinstate the fully briefed Motion to Dismiss (ECF No. 22), together with Plaintiffs' Opposition (ECF No. 24) and Defendant's Reply (ECF No. 25), and rule on the motion at the Court's earliest convenience.

14. The briefing is complete. The arguments are preserved. Reinstatement avoids months of duplicative briefing while still affording Defendant the dispositive ruling it seeks. Plaintiffs would not oppose such reinstatement. The Motion to Dismiss (ECF No. 22), the Opposition (ECF No. 24), and the Reply (ECF No. 25) represent complete briefing on the jurisdictional questions at issue. They were filed by and on behalf of the parties to this action and their substance remains fully relevant regardless of which attorneys now represent Defendant.

**B. Defendant's Position: Fresh Briefing of a Motion to Dismiss is Warranted[1]**

15. Defendant respectfully requests leave to file a motion to dismiss and enter a briefing schedule for that motion. District courts "enjoy broad discretion when deciding case management and scheduling matters." *Fla. v. United States*, 820 F. Supp. 2d 85, 89 (D.D.C. 2011). That authority is rooted in the courts' "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).

16. Fresh briefing is warranted. This case has been marked by disputes over the legitimacy of Defendant's representation, and the prior motions to dismiss were prepared and filed against that unsettled backdrop by counsel whose appearances have since been withdrawn or terminated. The Court's August 14, 2026 Order recognized Counsel as "the sole undisputed legal counsel for Defendant." That ruling was correct. The rightful government of the Republic of Venezuela did not hire prior counsel and did not authorize them to speak for the Republic in this proceeding.

17. Given the change in representation, Defendant respectfully submits that it should have the opportunity, through Counsel, to present its own considered defense to the Complaint. New briefing will not prejudice Plaintiffs. This case remains at the pre-answer stage, no motion to dismiss has been adjudicated on the merits, no discovery has been taken, and Plaintiffs will have a full and timely opportunity to respond.

18. Plaintiffs' proposed alternatives are not well suited to the current posture of this case. Requiring Defendant to answer and proceed directly to summary judgment would deprive Defendant of its threshold right to test the legal sufficiency of the Complaint under Rule 12(b),

[1] With respect to the procedural background section of this joint status report, Defendant's position remains that prior counsel only purportedly represented Venezuela, including with respect to the Motion to Dismiss filed on November 1, 2024 and subsequent briefing thereof. (ECF Nos. 22, 24, 25).

including sovereign immunity and other jurisdictional defenses. Reinstating the prior motion to dismiss is likewise inadequate. It has already been denied as moot, and Plaintiffs have not moved for reconsideration of that order. Additionally, on Counsel's review, the prior motion does not raise all of the threshold grounds Counsel considers meritorious to Defendant's defense. Reinstating a deficient motion would ultimately prove inefficient, inviting successive or supplemental briefing and multiplying the rounds of motion practice the Court must resolve. A single, comprehensive motion prepared by Counsel will present the Court with a more complete record and reduce, rather than increase, the burden on the Court and the Parties.

**C. Defendant's Motion to Dismiss**

19. Defendant's anticipated motion will raise dispositive challenges to the Court's subject matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq*. The Complaint concerns property located outside the United States, and Defendant expects to contest whether Plaintiffs can satisfy the requirements of any applicable exception to sovereign immunity on the facts alleged.

20. In addition, Defendant anticipates raising grounds for dismissal not presented in the prior motion, including that the Complaint fails to plead a cognizable claim for relief under U.S. law and that Plaintiffs' claims are untimely, as the events giving rise to the Complaint are alleged to have occurred years before this action was filed in 2023. Defendant reserves all grounds for dismissal, with the full scope and basis of the arguments to be set forth in Defendant's new motion to dismiss.

For the foregoing reasons, the Parties submit this Joint Status Report together with their respective proposed scheduling orders.

Dated: September 11, 2026

Respectfully Submitted,

*/s/ Francisco A. Rodriguez*
Francisco A. Rodriguez
Florida Bar No. 653446 / D.C. Bar No. 1045133
Ana R. Ulseth (admitted *pro hac vice*)
Florida Bar No. 1022151
Jonathan Florez (*admitted pro hac vice*)
Florida Bar No. 1059164

**REED SMITH LLP**
200 South Biscayne Blvd, Suite 2600
Miami, FL 33131
Telephone: 786-747-0200
Francisco.Rodriguez@reedsmith.com
Aulseth@reedsmith.com
*And*

Daniel Z. Herbst
D.C. Bar No. 501161
**REED SMITH LLP**
1301 K Street, N.W. Suite 1000, East Tower
Washington, DC 20005
Telephone: 202-414-9232
dherbst@reedsmith.com

*Counsel for Plaintiffs*

*/s/ Daniel Pulecio-Boek*
Daniel Pulecio-Boek
Bar Number 1500514
Michael A. Pusateri
Bar Number 1005463
Daniela Johnson Restrepo (admitted *Pro Hac Vice*)
D.C. Bar Number 90021025

**GREENBERG TRAURIG, P.A.**
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone: (202) 331-3117
Email:
pulecioboekd@gtlaw.com
pusaterim@gtlaw.com
daniela.johnsonrestrepo@gtlaw.com
*And*

Gabriel Aizenberg (admitted *Pro Hac Vice*)
Illinois Bar Number 6236614
**GREENBERG TRAURIG, P.A.**
360 N. Green Street, Suite 1300
Chicago, IL 60606
Telephone: (312) 456-8400
Email:
gabriel.aizenberg@gtlaw.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2026, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to any parties or counsel of record registered with the CM/ECF system.

/s/ Francisco A. Rodriguez
Francisco A. Rodriguez